Withers, J.
delivered the opinion of the Court.
The counts in case alleged no other damage than the loss, of service. With these a count in trover was joined. The whole case, as presented on Circuit and reported here, was as follows: that Nelly the plaintiff’s negro woman, estimated to be worth $400, was, (as acknowledged by defendants in their letter of 3 Feb. 1847,) in their custody; that according to her representation to them, she had that morning left the plaintiff’s premises ; that they had her in safe keeping, comfortably provided for, and restrained from communication with other negroes; that they did not intend the plaintiff should again have possession of her, though all his other rights, as her owner, were acknowledged ; that one of their number was authorized to receive from him any communication, and finally that the negro had not since been heard of in the neighborhood.
The question is, whether a verdict for the plaintiff for one thousand dollars, can be supported by this declaration, and the proof which he has adduced.
If the whole verdict be referred to the count in trover, it is manifest it cannot stand, for it is far beyond the value of the property, with the addition of any reasonable hire. If the entire verdict be referred to the counts in case, we find there no allegation of injury, except the loss of service by harboring, there being no charge that the plaintiff has thereby been deprived of the property. Whenever the damages sustained have not necessarily accrued from the act complained of, and therefore are not implied by law, then the rule of pleading is familiar enough, that in order to avoid surprise on defendant, the particular or special damage sustained and meant to be relied on at the trial must, in general, be stated, or else evidence of that will be excluded. Authority for the doctrine, as well as examples to illustrate it are abundant. It cannot be pretended that the loss of the negro was a natural consequence, or one to be implied by law, from the harboring ; nor indeed do the ideas seem compatible.z
Neither of the counts then can alone sustain the verdict.
Conceding the joinder of counts to be unobjectionable (they are in fact all in case, for trover is a species of that action,) and conceding moreover, that when there is a proper joinder of counts, alleging however, distinct causes of action, and sustained by adequate proof, a general verdict will be supported, though it include damages upon each of the counts, or any number of them that may be sustained by the proof, yet such would not be the result, when the same cause of action is set forth in various form, in sundry counts, while no one of them shall be found sufficient to sustain the verdict.
Now, though the plaintiff has designed to present different causes of action, and has in fact done so, yet what does the *376 , proof incontestibly shew 1 Why that the harboring charged, and the conversion admitted, grew out of one and the same ' transaction. If, therefore, we refer to the count in trover, so much of the verdict as that can carry, to wit: the value of the negro, and that of her hire from the 3d day of February, 1847, to the time when the verdict was rendered, there would, be included in such amount all that is claimed, and also proved in the other counts. Because if the plaintiff lost the services of his negro by reason of the defendant’s harboring her, he did not show any such damage to have accrued prior to the date aforesaid. In such point of view, then there would, in this verdict, be a double satisfaction for the same grievance. .
Dudley’s Rep
We by no means deny that with respect to the same negro, the same person might be guilty of injuring the owner by harboring and by a conversion. But how shall they be co-temporaneous 1 Must not the one precede the other 7 It appears difficult to conceive that at one, and the same time, by one and the same act, a negro can be harbored, (an act which does not at all control the absolute right of the owner to the property,) and also converted in trover, which does. A verdict in the one case for the plaintiff would work an effect touching the right of property, entirely repugnant to its effect in the other; can the same testimony precisely, establish both trover and harboring 1
if the evidence in this case be taken to establish as well the charge of harboring as that of trover, there can scarcely be an action for the latter cause, that may not also be made to include the other. It is true, what the defendants said as to the negro Nelly, (to wit: “she is in a place of safekeeping “and is comfortably provided for,”) are circumstances included in the idea of harboring, for the fact of concealment may also be well implied, but seeing these things are promptly and openly acknowledged, and avowed too as concurrent with, or constituting or succeeding a conversion of the property, it is impossible to see how this can be harboring, nor would it seem to be within the range of probability that in the sessions the defendants would be like to suffer a conviction for that offence, under the same circumstances.
. Conceive the counts in this declaration to have constituted distinct actions, and suppose the plaintiff to have recovered, first in trover the value and hire of the negro, and then to have pressed for damages in his other action, in the form of these counts in case, if it be allowed the recovery in trover, would not be an estoppel in the technical sense, yet would it not be very like repeating the same proposition with a varia- , tion of the emphasis merely 7 In the case of the State v. Glasgow, it was said, that whether a previous conviction was a bar to a subsequent prosecution, was tested by the *377 question, would the evidence necessary to convict in a subsequent prosecution, have been sufficient to convict in the previous case ? But this matter will not be insisted on.
It is not necessary to discuss some questions of pleading that have been brought into the argument, as for example, whether the special damage has been so alleged as to admit evidence of the loss of the negro upon the counts in case, and so forth. Nor need we particularly remark upon the question, how far a jury may go in assessing damages in an action upon the case. The text books are clear enough upon these matters. And as to the damages, which the jury were told they might find, we do not understand the object to have been to teach them to cut loose from the evidence, in estimating damages, but only, that in estimating damages in case of harboring, they were not bound down to the value of property, as they were in an action of trover.
A new trial is ordered.
Richardson, J. — ONeall, J. — Evans, J — and Frost, J. — concurred.
Motion granted.